IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


YVELAN PIERRE,

      Appellant,

  v.

      Case No. 5D23-168
      LT Case No. 16-2008-CF-3055-AXXX-MA


STATE OF FLORIDA,

      Appellee.

_____/

Decision filed March 17, 2023

3.853 Appeal from Circuit Court
for Duval County,
Tatiana Salvador, Judge.

Yvelan Pierre, Milton, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Daren L. Shippy,
Assistant Attorney General,
Tallahassee, for Appellee.

PER CURIAM.

     AFFIRMED.

SOUD and MACIVER, JJ., concur.
MAKAR, J., concurs, with opinion.

MAKAR, J., concurring.

This case involves the denial of the Yvelan Pierre's Rule 3.853 motion for post-conviction DNA testing. The trial court determined the motion was facially sufficient, and the State was ordered to show cause why DNA testing should not be ordered. The show cause order directed that the State shall indicate "any justifications" for denying the defendant's request, but none was offered. The State's one sentence response, instead, stated it had reviewed the motion and had "no objection to the Court entering an order directing the State to test materials for DNA comparison." Nonetheless, the trial court thereafter entered a detailed order explaining that (a) the evidence to be tested still existed; and (b) DNA test results would likely be admissible as evidence; but that (c) no reasonable probability existed that the outcome of the criminal case against the defendant would have been different with DNA testing of the evidence. Fla. R. Crim. P. 3.853(5)(A)–(B). As such, the trial court denied the relief sought despite the State's lack of an objection.

Because it raised no objection to the motion in the trial court, the State was directed to file an answer brief in this Court addressing why the relief

2

sought should not be granted. The State's response regarding its lack of an objection was less than helpful, stating in total as follows:

> The State's lack of an objection was not binding on the trial court the same as the State's concession of error on appeal is not binding on this Court. . . . Moreover, a lack of objection is not the same as an agreement or acknowledgement by the State that Defendant's motion has merit. It is nothing more than a lack of objection, which may be based on any number of reasons not relevant to the merits of the motion.

The lack of an objection to, or even whole-hearted agreement with, a motion seeking DNA testing, of course, is not binding on the trial court, which is required to make legislatively mandated findings. § 925.11(2)(f), Fla. Stat. (2022).

Even if non-binding, a party's failure to object to an opposing party's motion nevertheless has significance, often that the relief sought should be granted. When a party does not object to a motion for an extension of time, for example, a trial court will generally interpret that as implied approval and have little hesitation in granting relief absent some apparent abuse of the privilege; the same applies to evidence admitted at trial where no objection is lodged. Lack of an objection doesn't diminish a court's inherent judicial power to adjudicate a motion—granting it, denying it, in whole or in part—but it is readily seen as acquiescing in the relief sought in many, if not most, contexts.

The same is true in this case. The lack of an objection to a motion for DNA testing is a tacit approval, potentially leading a trial court to believe that the State has studiously apprised the situation and determined that relief is appropriate. Busy trial judges may even sign off on an order granting relief without as thorough a review of the record as occurred in this case, believing the parties are in accord and that the motion is meritorious.

For these reasons, the lack of an objection should be based on a reasoned assessment rather than "any number of reasons not relevant to the merits of the motion." Objections, or the lack of them, ought not be based on irrelevancies; instead, a court-ordered response to a facially sufficient motion for DNA testing should explain the State's position to assist the trial court in its requisite findings, analysis, and holding. For instance, on appeal the State agrees that DNA testing would not lead to a different outcome in the criminal trial. An objection on that basis with an explanation should have been made in the trial court versus lodging no objection and putting the entire onus on the trial court's shoulders. Alternatively, if the State has no objection to DNA testing, it should explain how the movant has met the three requisites under the statute/rule, including an assessment of the probability that the criminal case's outcome would be different with DNA testing.

Here, the trial court did a commendable job on its own, without input from the State, to review the record and transcripts, analyze the legal issues, and prepare a detailed written order that shows no basis for reversal. A reasoned assessment from the State in these types of cases, however, would undoubtedly assist busy trial judges and facilitate their statutory obligations to make findings and decide whether relief is warranted.